# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-562V**

| | |
|---|---|
| LINDA WINTERS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2026 |

*Kirk Tripp Otto, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 31, 2025, Linda Winters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 13, 2023. Petition at 1. On May 12, 2026, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 26.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed an interim motion for attorney's fees and costs, requesting an award of $10,683.69 (representing $9,781.57 in fees plus $902.12 in costs). The interim fee motion was jointly filed by Petitioner's counsel's former law firm, Rawls Law Group, and Petitioner's counsel's current law firm, Siri & Glimstad, LLP. Petitioner's Motion for Interim Attorneys' Fees and Costs ("interim fee Motion") filed February 11, 2026, ECF No. 22. Additionally, Petitioner filed a final motion for attorney's fees and costs, requesting an award of $2,321.01 (representing $2,232.20 in fees plus $88.81 in costs). The final fee motion was filed by Petitioner's counsel's current law firm, Siri and Glimstad, LLP. Petitioner's Final Motion for Attorneys' Fees and Costs ("final fee Motion") filed June 5, 2026, ECF No. 30. Furthermore, Petitioner filed signed statements representing that no personal out-of-pocket expenses were incurred. ECF Nos. 22-4 and 30-3.

Respondent reacted to the interim fee Motion, deferring to the Chief Special Master to determine whether petitioner has met the legal standard and statutory requirements for an interim fees and costs award and deferring resolution of the amount to be awarded to my discretion. Respondent's response to interim fee Motion at ECF No. 23. Respondent reacted to the final fee Motion stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to final fee Motion at ECF No. 31. Petitioner did not file a reply to either response.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. However, some of the rates for 2026 require adjustment.

Attorney John Beaulieu was previously awarded $425.00 per hour for work performed in 2026. *See Sukhraj v. Sec'y of Health & Hum. Servs*., No. 23-2176V, slip. op. (Fed. Cl. May 19, 2026). Attorney Kirk Otto was previously awarded $450.00 per hour for work performed in 2026. *See Hughes v. Sec'y of Health & Hum. Servs*., No. 22-1917V, 2026 WL 2111394. (Fed. Cl. June 23, 2026). I find no reason to deviate from those previous determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs*., No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce the 2026 rates for Mr. Beaulieu and Mr. Otto to be consistent with *Sukhraj and Hughes*. **Application of the foregoing reduces the amount of attorney fees to be awarded herein by $221.00**.[3]

[3] This amount is calculated by reducing Mr. Beaulieu's 2026 rate from $450.00 to $425.00 and reducing Mr. Otto's 2026 rate from $495.00 to $450.00 and is calculated as follows: ($450 - $425 = $25 x 0.20 hrs.) + ($495.00 - $450.00 = $45.00 x 4.80 hrs.) = $221.00.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF Nos. 22-2 at 6-18 and 30-2 at 5. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's motions for attorney's fees and costs. I award a total of **$12,783.70 (representing $11,792.77 in fees plus $990.93 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.